## HARRIMAN *v.* THE ROCKAWAY BEACH PIER COMPANY.

*(District Court, E. D. New York.* August 30, 1880.)

1. ATTACHMENT—MARSHAL'S RETURN.

An attachment, under an ordinary process *in personam,* will not be vacated upon the ground that the marshal attached the property without having made any proper effort to serve the defendant, where the marshal returned that he made a reasonable effort to serve the defendant before making the attachment.

2. SAME—FALSE RETURN.

The proper course, under such circumstances, is to allow the return to stand, and leave the marshal to justify it in an action against him for a false return.

3. SAME—IRON PIER.

An iron pier is not attachable under such process as coming within the designation of goods and chattels.—[ED.

In Admiralty.

BENEDICT, D. J. This is a motion on the part of the defendant for the release of the iron pier at Rockaway from a seizure thereof made by the marshal on the 19th inst.

The process was the ordinary process *in personam,* and contained a clause directing the marshal, in case the defendant could not be found within his district, to attach the goods and chattels thereof within the district to the amount sued for. In pursuance of this direction the marshal attached the iron pier in question, and also certain lamps, benches, a life-boat, a clock, some life-preservers, awnings, and a quantity of rope, oil, varnish, paints, lumber, etc., and made return to the process that the defendant, not having been found, he had, in obedience to the writ, attached the iron pier and other property above described. The defendant now moves to vacate the attachment. One ground of the motion is that the marshal attached the property without having made any proper effort to serve the defendants. The facts, as they appear in the affidavits that have been read, are not sufficient to justify a discharge of the attachment on this ground. The marshal's return to the process is, in legal effect, that he made a reasonable effort to serve the defendant before making the

attachment. This return is not shown to have been the result of any collusion or fraud on the part of the libellant; and the marshal now insists that all proper effort to serve the defendant was made by him before he levied the attachment. If the marshal's return be true, the right to attach is clear. If the return be false, the marshal is liable for a false return. The proper course, under those circumstances, is to allow the return to stand, and leave the marshal to justify it in an action against him for a false return.

But there is another ground upon which the motion is pressed, so far as it relates to the pier itself. This ground is that the pier is real property, and not within the scope of the process that was issued to the marshal. The process authorized the marshal, in case the defendant should not be found within this district, then to attach the defendant's goods and chattels to the amount sued for. The marshal's authority was therefore limited, by the terms of the writ, to the seizure of goods and chattels, and he had no power to attach the iron pier in question, unless it can be held that such a structure comes within the designation of goods as used in the process. In my opinion it cannot be so held, and therefore the attachment, so far as it affects the pier proper, cannot be maintained. Whether it would have been competent for this court, sitting in admiralty, to direct the attachment of real estate upon re-issue process is a question not presented by this case, and as to which I express no opinion; nor do I express any opinion as to the power of the court to amend the process at this stage of the cause, for such amendment, if now made, would be of no benefit to the libellant, as the defendants now stand ready to enter their appearance. The objection that the question whether the pier attached comes within the designation of goods should not be decided upon in a suit like the present, is obviated by the offer to the defendant to give the usual bond for the other property seized in an amount sufficient to cover the libellant's demand. The attachment of the pier proper is, therefore, set aside, and the pier itself discharged from custody. As to the other property seized the attachment must stand.